**FILED
CLERK**
6/30/2016 4:25 pm
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PETER DELEON, #14008089,

                     Plaintiff,

         -against-

NASSAU COUNTY,

                     Defendant.
----------------------------------------------------------------X

**ORDER**
16-CV-1450 (JMA)(AKT)

**AZRACK, United States District Judge:**

       On March 14, 2016, incarcerated *pro se* plaintiff Peter DeLeon filed a complaint against Nassau County (the "County") pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights accompanied by an application to proceed *in forma pauperis*. On April 7, 2016, plaintiff filed an application for the appointment of pro bono counsel. (See ECF No. 7.) Upon review of plaintiff's declaration accompanying the application to proceed *in forma pauperis*, the Court find that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to allege a plausible claim for relief. Given the dismissal of the complaint, plaintiff's application for the appointment of *pro bono* counsel is denied.

    **I.**    **Background**

       Plaintiff is no stranger to this Court. On June 11, 2015, plaintiff filed an *in forma pauperis* complaint against New York State (the "State"), the County, the Nassau County Police Department (the "Police Department"), and the Nassau County "DA's Office" (the "DA") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. (See Compl. 15-CV-3600(JMA)(AKT) ("DeLeon I"). By Order dated July 21, 2015 (the

"Order"), the court granted plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff was granted leave to file an amended complaint as against the County within thirty (30) days from the Order. On August 27, 2015, plaintiff filed an amended complaint. Although the amended complaint was untimely filed, the Court accepted it, but dismissed it with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2) for failure to allege a plausible claim for relief. The gravamen of plaintiff's claims in DeLeon I is that plaintiff was unlawfully fingerprinted and photographed in connection with a state court arraignment in violation of his constitutional rights.

## II. The Instant Complaint[1]

Like the complaint and amended complaint in DeLeon I, plaintiff's instant complaint is brief and difficult to comprehend. Again, plaintiff complains that he was unlawfully fingerprinted and photographed following his arraignment on criminal charges in state court. Submitted on the Court's Section 1983 complaint form, the complaint alleges in its entirety:[2]

> I was arrested on November 10th 2014 on Docket #'s 24567/14 & 24566/14. Approximately (2) two weeks later, after I was arraigned on these charges of 25410/14 and tried bringing me to arraignment court on 25410/14, they came to Nassau County Correctional Center and took me out of the to the Mineola Police Department to try and fingerprint me and take a photograph of me for the same charges I was already arraigned on, 25410/14. Accordance with Moya v. U.S., 761 F2d 322 (7th Cir 1985) I can refuse to give them photo and prints; upon doing so I was threatened they'll get a warrant/court orders to retrieve my prints and photos from me. Nassau County et al. has violated my 5th Amendment, my due process of law; Deprived of life liberty; And my right to a

---

[1] All material allegations in the amended complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the amended complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

> Grand Jury. These Constitutional violations are violated by the Nassau County District Attorney's Office, et al. Which has caused me my release by failing to protect my rights of the United States of America. I was violated my right to a Motion of 190.80, a Grand Jury release after 45 days without an indictment; 144 hours without a Felony Exam. Nassau County has violated my 4th, 5th, 6th and 8th Amendments of the Constitution of the United States of America. . . . The Statute of Limitations is well beyond the 6 months of a Grand Jury Proceeding. I've been incarcerated for nearly 17 months now; no indictment; illegal detained. Those statement of facts are recognizable under title 42 USC § 1983; Sander v. English, 950 F.2d 1036 (6th Cir. 1992). (1) My 4th; 5th Amendment violation is stated on page 4 . (2) My 6th Amendment violations; All criminal prosecutions, the accused shall enjoy the right to a speedy trial by an impartial jury of the State and District wherein the crime. (3) My 8th & 14th Amendments are violated as followed; cruel & unusual punishments inflicted; mental anguish & emotional trauma; distress; depression, anxiety, pain & suffering.

(Compl. at 5-6.) For relief, plaintiff alleges:

> It is my belief that Nassau County et al and the Nassau County District Attorney's Office et al are in Federal and possibly State Constitutional violations for the ordering of an illegal fingerprinting and photographs on the same charge I was arraigned on; DKT # 25410/14. I feel that the Nassau County District Attorney's Office should be properly trained on "All Procedures" of the N.Y.S. Penal Law and Criminal Procedure Law which falls under the N.Y.S. Constitutions and is protected under the Constitution of the United States of America. Its ashame that we look up to these people to uphold the laws, but yet they're violating the Court of Laws themselves. These people should be brought to justice, along with sactions, fines, impeachments, and leading to excessive abuse of there authority. I'm seeking punitive damages in the sum of $500,000,000.00 million dollars in accordance with Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir 1984) which sets foundation for $75,000.00 per hour, $1,600,000.00 per day; for unreasonable searches and seizures, false arrest and illegal detention with regards to the violation of my 4th Amendment of the United States Constitution of America; secured also in the 5th, 6th, and 8th violation of the Constitution. Seeking $5,000,000.00 for mental anguish, pain & suffering and depression.

(Id. at 7 and ¶ V.)

3

## II. DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

## B. Res Judicata and Collateral Estoppel

Notwithstanding the liberal pleading standard afforded *pro se* litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of *res judicata* and *collateral estoppel* provide that limitation. *See*, *e.g.*, Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (*res judicata*); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (*collateral estoppel*).

*Res judicata*, or claim preclusion, provides that "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also EDP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). A district court has not only the power but the obligation to dismiss complaints *sua sponte* on res judicata grounds when the litigation history triggers it. Salahuddin, 992 F.2d at 449.

Similarly, "'collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" Brandstetter v. Bally Gaming, Inc., No. 11-CV-2594(JFB)(GRB), 2012 WL 4103917, *3 (E.D.N.Y. Sept. 18,

2012) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Collateral estoppel generally does not include a requirement that the parties against whom plaintiff litigated in the prior proceeding be the same parties in the current proceeding. See United States v. Mendoza, 464 U.S. 154, 158 (1984). Additionally, a district court may raise the issues of *res judicata* and *collateral estoppel sua sponte*, Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998); Pino v. Ryan, 49 F.3d 51, 54 (2d Cir.1995) ("Nothing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of the complaint."); accord Pratts v. Coombe, 59 F. App'x 392, 393 (2d Cir. 2003), and the doctrines of *res judicata* and *collateral estoppel* apply to *pro se* litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming district court's *res judicata* dismissal of an *in forma pauperis* action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Here, as is readily apparent, plaintiff's claims against the County are identical to those alleged in DeLeon I and arise out of the same nucleus of facts. Plaintiff's claims against the County were dismissed with prejudice on the merits. *See* DeLeon I, Docket Entry No. 11, Order dismissing the complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); see also Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ( "[D]ismissal for failure to state a claim [under section 1915(e) (2)(B)(ii) ] is a final judgment on the merits and thus has *res judicata* effects"); Cieszkowska v. Grayline N.Y., 2001 WL 1131990, at *2-3 (S.D.N.Y. Sept.24, 2001) (dismissing claim on *res judicata* grounds where prior similar complaint was dismissed pursuant to section 1915(e)(2)(B)(ii)), aff'd, 295 F.3d 204 (2d Cir. 2002). "Once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the

same parties, or those in privity with the parties, concerning the transaction or series of connected transactions out of which the first action arose." Manko v. Steinhardt, No. 12-CV-2964 (KAM), 2012 WL 2367092, *2 (E.D.N.Y. June 20, 2012). That is precisely what has happened here. Accordingly, preclusion bars relitigation of plaintiff's claims against the County set forth in the instant complaint. Accordingly, the complaint is dismissed with prejudice 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**C.     Section 1983**

Even if plaintiff's claims were not barred, they fail to allege a plausible claim for relief. As the Court explained in the Orders in DeLeon I (see Docket Entries 7 and 11), when suing a municipality, such as the County, for a violation of Section 1983, a plaintiff must "prove[] that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999). To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to

7

show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of the County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim against the County.

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend and finds that amendment would be futile give that his claims against the County are precluded. *See supra* at 5-6. Accordingly, leave to amend the complaint is denied and the Clerk of Court is directed to close this case.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the complaint, plaintiff's application for the appointment of *pro bono* counsel is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff and to close this case.

**SO ORDERED.**

                                                     /s/ JMA
                                                    Joan M. Azrack
                                                    United States District Judge

Dated: June 30, 2016
       Central Islip, New York